UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DALE J. TOPPING,

    Plaintiff,

v.                                                                         Case No:  2:14-cv-146-FtM-29DNF

KYLE COHEN, CHARLOTTE MASON,
SCOTT OWCZAREK, DIANE SPADONI,
JACQUENETTE THOMPSON,
NATASHA VARNOVITSKY, and JOHN
DOES,

    Defendants.

_____

## **REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause is before the Court on *pro se* Plaintiff Dale J. Topping's Motion to Amend Complaint to Include Additional Individuals By Name (Doc. 40) filed on June 19, 2014.  Plaintiff is requesting leave to file an amended complaint so that he can name Nicole Rovig and Teresa Gulick, Michigan State University employees, as additional defendants.  Defendant Scott Owczarek filed a Response Opposing Plaintiff's Motion to Amend Complaint to Include Additional Individuals By Name (Doc. 46) on July 3, 2014.  Plaintiff filed a Response to Defendant Owczarek's Opposition to Amendment (Doc. 48) on July 11, 2014.  For the reasons explained below, the Court recommends that Plaintiff's motion to amend be **DENIED**.

    Federal Rule of Civil 15(a)(2) provides that the Court should "freely give leave" to amend a complaint "when justice so requires."  Although the decision whether to permit an amendment is within the sound discretion of the court, the Supreme Court has held that the words "leave shall be freely given" must be heeded.  *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9

L.Ed.2d 222 (1962). Consequently, the Court must find a justifiable reason in denying a request for leave to amend. *Id*. "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman,* 371 U.S. at 182).

Amendment is futile when the complaint as amended is still subject to dismissal. *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1320 (11th Cir. 1999). To survive a motion to dismiss, a plaintiff's complaint must include enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1974 (2007). While a complaint does not require "detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65.

In this case, the Court finds that Plaintiff's motion should be denied because his proposed amendments are futile. As to Plaintiff's request to add Teresa Gulick as a defendant in this case, the Court notes that Plaintiff's proposed Amended Complaint fails to allege any facts entitling him to relief against Ms. Gulick. In fact, Ms. Gulick is not even mentioned in paragraphs fourteen through ninety, the section labeled "Factual Allegations" in Plaintiff's proposed Amended Complaint. In the absence of any factual allegations explaining Ms. Gulick's involvement in this action, all claims brought against her are subject to dismissal. Accordingly, adding Ms. Gulick as a party defendant would be futile.

Likewise, adding Nicole Rovig as a party defendant is futile. In his proposed Amended Complaint, Plaintiff alleges that Ms. Rovig conspired to deprive Plaintiff's civil rights under 42

U.S.C. § 1983, and participated in an organized criminal enterprise designed to deprive Plaintiff of his civil rights under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Even if the Court accepts all factual allegations in Plaintiff's proposed Amended Complaint as true and takes them in the light most favorable to Plaintiff, as the Court must do so in considering a motion to dismiss, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Plaintiff's claims against Ms. Rovig are still subject to dismissal.

"To establish a prima facie case of a Section 1983 conspiracy, a plaintiff must show that 'the defendants reached an understanding to deny the plaintiff's rights.'" *Burge v. Ferguson*, 619 F. Supp. 2d 1225, 1237 (M.D. Fla. 2008) (citing *Hadley v. Gutierrez*, 526 F.3d 1324, 1332 (11th Cir. 2008)). The plaintiff must also show "an underlying actual denial of [his] constitutional rights." *Id.* Finally, to allege a conspiracy, a plaintiff must make "particularized allegations" that a conspiracy exists. *Id.* (citing *GJR Invs. v. County of Escambia, Fla.,* 132 F.3d 1359, 1370 (11th Cir. 1998)). Vague and conclusory allegations suggesting a Section 1983 conspiracy are insufficient. *Id.* (citing *Fullman v. Graddick,* 739 F.2d 553, 556–57 (11th Cir.1984)). In his proposed Amended Complaint, Plaintiff alleges no facts showing that Ms. Rovig reached an understanding to deny Plaintiff rights and insufficient facts from which an inference of a conspiracy can reasonably be drawn.

Likewise, Plaintiff alleges no facts establishing a RICO claim against Ms. Rovig. To establish a federal civil RICO claim, a plaintiff must satisfy four elements of proof: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Williams v. Mohawk Indus., Inc.*, 465 F.3d 1277, 1282 (11th Cir. 2006) (citing *Jones v. Childers,* 18 F.3d 899, 910 (11th Cir.1994)). Again, Plaintiff's proposed Amended Complaint fails to allege any facts establishing

that Ms. Rovig engaged in conduct of an enterprise through a pattern of racketeering activity. For these reasons,

## IT IS RESPECTFULLY RECOMMENDED THAT:

Plaintiff's Motion to Amend Complaint to Include Additional Individuals By Name (Doc. 40) be **DENIED**.

**Respectfully recommended** in Chambers in Fort Myers, Florida on July 24, 2014.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02

Copies furnished to:

Counsel of Record
Unrepresented Parties