```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

DALE J. TOPPING,

    Plaintiff,

v.                                 Case No: 2:14-cv-146-FtM-29DNF

KYLE COHEN, CHARLOTTE MASON, SCOTT OWCZAREK, DIANE SPADONI, NATASHA VARNOVITSKY, JOHN DOES, and other presently unknown parties employed by or affiliated with the U.S. Department of Education, JACQUENETTE THOMPSON, TERESA GULICK, and NICOLE ROVIG,

    Defendants.

---

## OPINION AND ORDER

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #51), filed July 24, 2014, recommending that that plaintiff's request for leave to file an amended complaint to name Nicole Rovig and Teresa Gulick be denied. Rather than filing objections, plaintiff filed a Motion to Amend Complaint-2ND (Doc. #54) "to correct the deficiencies noted in that report," contemporaneously with a Second Amended Complaint (Doc. #55). Before an Order could issue on this second motion to amend, plaintiff filed a third Motion to Amend Complaint Items 98, 99, and 103 to Specifically Include Defendant Varnovitsky in Potential Bivens Claim (Doc. #67). In light of the later motions to amend and the unauthorized Second

Amended Complaint, the Report and Recommendation and first motion to amend will be deemed moot. The Court will review the second and third motions to determine whether plaintiff will be permitted to proceed on the Second Amended Complaint.

**1. Shotgun Pleading**

The Second Amended Complaint is a shotgun pleading and will be dismissed on this basis. "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). The Eleventh Circuit has consistently frowned upon shotgun pleadings such as the one presented herein, and shotgun pleadings "exact an intolerable toll on the trial court's docket." Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997). See also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008)(collecting cases). Accordingly, the Eleventh Circuit has established that when faced with a shotgun pleading, a district court should require plaintiff to file an amended pleading rather than allow such a case to proceed to trial. Byrne v. Nezhat, 261 F.3d 1075, 1130 (11th Cir. 2001).

The Court notes that the Second Amended Complaint also fails to set forth a short, plain statement as to the allegations against each defendant. See Fed. R. Civ. P. 8.

**2. Count I**

Count One is presented as a "violation of the 5th Amendment to the United States Constitution by employees of the United States government; seizures lacking due process of law – Bivens" against defendants Cohen, an AUSA who represented the United States Department of Education in Case No. 2:09-cv-396-FTM-29DNF, and Mason, Spadoni, and Thompson, who are or were, employees of the Department of Education.

A plaintiff may bring a Bivens[1] cause of action for damages for a violation of the Fifth Amendment, if no alternative forms of judicial relief are available. Davis v. Passman, 442 U.S. 228, 245 (1979). In this case, plaintiff alleges that defendants, "while acting under color of law and conspiring to deprive plaintiff of his civil rights," denied him lawful process in a 2010 administrative garnishment hearing by obtaining secret witnesses, conspiring to commit bribery or coercion, concealing a secret witness to conceal the bribery and coercion, and tampering with a witness. (Doc. #55, ¶¶ 50, 63, 98-103.) Plaintiff makes several broad allegations of witness tampering and concealment, but Count I requires further factual support to indicate the role of each named defendant and how each defendant violated plaintiff's 5th Amendment rights in order to state a claim. The Court need

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

not otherwise address issues of immunity raised by defendant Kyle Cohen at this time.  See, e.g., Doc. #34.

    **3. Count II**

Count Two is presented as a claim under 42 U.S.C. § 1983. Section 1983 imposes liability on any person who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  To establish a claim under § 1983, plaintiff must allege and prove that (1) defendant deprived him of a right secured under the Constitution or federal law, and (2) such deprivation occurred under color of state law.  Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); United States Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).  Plaintiff must also allege and prove an affirmative causal connection between defendants' conduct and the constitutional deprivation.  Marsh v. Butler County, Ala., 268 F.3d 1014, 1059 (11th Cir. 2001)(en banc); Swint v. City of Wadley, Ala., 51 F.3d 988, 999 (11th Cir. 1995).

Plaintiff enumerates the Florida state statutes that were violated, but the Second Amended Complaint contains no allegations of any actions taken by Cohen, Gulick, Mason, Rovig, Owczarek, Thompson, or Varnovitsky under the color of state law.  Only two of the named defendants are or were state employees or employees of state universities.  Plaintiff also fails to allege a violation of a specific federal law or the United States Constitution, except

to generically assert a violation of due process. (Doc. #55, ¶¶ 106, 113.)

### 4. Count III

Count III is presented as a claim under the federal civil Racketeer Influenced and Corrupt Organizations Act (RICO). Under Section 1962(c) of the RICO Act, it is unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). To establish a federal civil RICO violation under § 1962(c), the plaintiff must prove (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and (5) injury to "business or property" (6) that was "by reason of" the substantive RICO violation. Williams v. Mohawk Indus., 465 F.3d 1277, 1282 (11th Cir. 2006)(citing 18 U.S.C. §§ 1962(c), 1964(c)). Section 1962(d) of the RICO Act makes it unlawful to conspire to violate any of the provisions under the other subsections, including subsection (c). A civil RICO conspiracy claim requires the commission of an overt act in furtherance of the conspiracy. Beck v. Prupis, 162 F.3d 1090, 1098 (11th Cir. 1998)(citing Bivens Gardens Office Bldg., Inc. v. Barnett Bank of Fla., Inc., 906 F.2d 1546, 1550 n.7 (11th Cir. 1990)).

As a preliminary matter, plaintiff alleges a substantive claim and a conspiracy claim in one count by asserting that the principal offenders are Mason, Spadoni, and Thompson, who conspired with "latecomer conscripted actors" Cohen, Gulick, Owczarek, Rovig, and Varnovitsky. (Doc. #55, ¶ 117.) Plaintiff vaguely alludes to "an organized criminal enterprise" but does not identify the pattern of racketeering activity, or specify the role of each defendant, or what predicate acts may be attributed to each defendant.[2]

**5. Third Amended Complaint**

The Court will deny the second and third motions to amend in light of the Court's determination that the proposed Second Amended Complaint is a shotgun pleading, and otherwise fails to state a claim on its face. Therefore, the Second Amended Complaint, filed without leave of court, will be stricken. See Fed. R. Civ. P. 15(a)(2). The Court will however permit plaintiff to file a third and final amended complaint, without requiring a further motion to amend. No further motions to amend will be entertained, and will be stricken.

Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated. It is improper for plaintiff to merely list constitutional rights or

---

[2] The Court notes that some of the relevant factual allegations are contained in earlier paragraphs, but the incorporation of all previous paragraphs renders Count III untenable as currently pled.

federal rights and/or statutes. Plaintiff must also provide factual support for the claimed violations. So, in the body of the third amended complaint, plaintiff should clearly describe <u>how each named defendant</u> is involved in the alleged claim. More than conclusory and vague allegations are required to state a cause of action. Plaintiff must also state which defendants are being sued for each particular count, and within each particular count of the Third Amended Complaint. Plaintiff is reminded that his *pro se* status does not free him from the requirements of the Federal Rules of Civil Procedure or the Local Rules of the Middle District of Florida, which Rules plaintiff is directed to consult before filing the Third Amended Complaint. <u>See, e.g.</u>, M.D. Fla. R. 3.01(c)(no replies or further memoranda directed to a motion or response are permitted without leave of court).

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #51) and the underlying Motion to Amend Complaint to Include Additional Individuals By Name (Doc. #40) are deemed **moot** in light of the second and third motions to amend.

2. Plaintiff's Motion to Amend Complaint – 2ND (Doc. #54) and Motion to Amend Complaint Items 98, 99, and 103 to Specifically Include Defendant Varnovitsky in Potential Bivens Claim (Doc. #67) are **DENIED.**

3. The Second Amended Complaint (Doc. #55) is **stricken** and plaintiff shall file a Third Amended Complaint within **twenty-one (21) days** of this Opinion and Order pursuant to the instructions above.

4. Defendant Scott Owczarek's Motion for Dismissal (Doc. #33) and Defendant Assistant United States Attorney Kyle Cohen's Motion to Dismiss (Doc. #34) are **DENIED as moot.**

5. Plaintiff's Motion for Default Judgment Against Defendants Mason, Spadoni, and Thompson (Doc. #49) and Motion for Default Judgement [sic] Against Defendant Varnovitsky (Doc. #64) are **DENIED as premature** because plaintiff failed to first obtain a Clerk's default pursuant to Fed. R. Civ. P. 55(a).

**DONE and ORDERED** at Fort Myers, Florida, this ___18th___ day of September, 2014.

/s/ John E. Steele
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Hon. Douglas N. Frazier
United States Magistrate Judge

Counsel of Record
Unrepresented parties