```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

DALE J. TOPPING,

    Plaintiff,

v.                                              Case No: 2:14-cv-146-FtM-29DNF

KYLE COHEN, CHARLOTTE MASON, SCOTT OWCZAREK, DIANE SPADONI, NATASHA VARNOVITSKY, JOHN DOES, and other presently unknown parties employed by or affiliated with the U.S. Department of Education, JACQUENETTE THOMPSON, TERESA GULICK, NICOLE ROVIG, and U.S. DEPARTMENT EDUCATION, other presently unknown parties employed by or affiliated with,

    Defendants.

_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on plaintiff's Motion for New Trial and Motion to Alter or Amend Judgment (Doc. #92) filed on June 16, 2015. Defendants Scott Owczarek, Teresa Gulick, and Nicole Rovig filed a Memorandum Opposing Plaintiff's Motion to Amend Judgment (Doc. #93) on June 22, 2015, and defendants Kyle Cohen, Charlotte Mason, Diane Spadoni, Jacquenette Thompson, and Natasha Varnovitsky filed a Response in Opposition to Plaintiff's Motion to Amend Judgment (Doc. #94) on June 30, 2015.

Rule 59(e) affords the Court substantial discretion to reconsider an order which it has entered. See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000). "The only grounds for granting a rule 59 motion are newly discovered evidence or manifest error of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citations omitted). A Rule 59 motion may not be used to re-litigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment. Id. (citing Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)). "Rule 59 is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision." Id.

Plaintiff asks the Court to reconsider its May 19, 2015, Opinion and Order dismissing the Third Amended Complaint with prejudice (Doc. #90) because the Court's findings were produced in error. Specifically, plaintiff claims that the Court's holding was based upon an errant understanding of the factual allegations. The Court has carefully reviewed plaintiff's motion, and finds no clear error or manifest injustice in the Opinion and Order. Plaintiff is essentially trying to re-litigate issues already decided by this Court; namely, whether plaintiff set forth sufficient factual allegations to state a plausible claim for relief. This is not a basis for reconsideration.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion for New Trial and Motion to Alter or Amend Judgment (Doc. #92) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __13th__ day of August, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:

Plaintiff
Counsel of Record